**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-6622

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EARL ABDULMALIK MOHAMMED, a/k/a Malik Mohammed, a/k/a Earl A. Hill,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:12-cr-00495-LMB-1; 1:15-cv-01482-LMB)

Submitted: April 27, 2017                                  Decided: May 11, 2017

Before SHEDD, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jonathan P. Sheldon, SHELDON, FLOOD & HAYWOOD, P.L.C., Fairfax, Virginia, for Appellant. Dana J. Boente, United States Attorney, Michael Culhane Harper, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Earl Abdulmalik Mohammed appeals from the denial of his 28 U.S.C. § 2255 (2012) motion. We previously granted a certificate of appealability on the following issue: whether trial counsel was ineffective for advising Mohammed to plead guilty to mail fraud when Mohammed lacked the intent required under the statute. The parties filed supplemental briefs, and we affirm.

To succeed on his claim of ineffective assistance of counsel, Mohammed bears the burden of showing that (1) counsel's performance was constitutionally deficient and (2) the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first *Strickland* prong, Mohammed must demonstrate that counsel's performance fell below an objective standard of reasonableness under "prevailing professional norms." *Id.* at 688. To establish prejudice in the context of a guilty plea, Mohammed must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Moreover, Mohammed "must convince the court that such a decision would have been rational under the circumstances." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012) (internal quotation marks omitted).

According to the factual basis stipulated to at his guilty plea hearing, Mohammed devised a scheme whereby he accepted orders for precious metals that he knew he would not be able to fulfill in a timely manner and he informed his customers that their orders had been shipped to them when he knew that such orders had not, in fact, been shipped. Mohammed asserts that, although he lied to customers and issued false shipping labels, he

2

never intended to defraud his customers, but merely to buy time to properly fill their orders. Mohammed contends that his attorney incorrectly advised him that creating false shipping labels was sufficient to constitute mail fraud under the statute, even if his intent was merely to delay filling the orders. He alleges that he was prejudiced by counsel's ineffective assistance because he would not have pled guilty to the charge if properly advised and because, had he gone to trial, the evidence would have been insufficient to convict.

To convict under the mail fraud statute, 18 U.S.C. § 1341 (2012), the Government must prove that the defendant "(1) devised or intended to devise a scheme to defraud and (2) used the mail . . . in furtherance of the scheme." *United States v. Wynn*, 684 F.3d 473, 477 (4th Cir. 2012). The intent element requires proof that the defendant "specifically intend[ed] to lie or cheat or misrepresent with the design of depriving the victim of something of value." *Id.* at 478. "More must be shown than simply an intent to lie to the victim or to make a false statement to him." *Id.* Instead, the defendant must contemplate actual harm to the victims. *United States v. Novak*, 443 F.3d 150, 156 (2d Cir. 2006).

However, we have held that, even where the defendant intends to repay the victims, or otherwise make them whole, an intent to harm can still be found when deliberately false statements induced the victim's reliance. *United States v. Curry*, 461 F.3d 452, 458 (4th Cir. 2006) ("The intent to repay eventually is irrelevant to the question of guilt for fraud."); *see also United States v. Painter*, 314 F.2d 939, 943 (4th Cir. 1963) ("[N]o amount of honest belief that his corporate enterprise would eventually succeed can excuse the willful misrepresentations by which the investors' funds were obtained. An investor may be defrauded if his reliance is induced by deliberately false statements of fact, and the

3

defendant's optimism as to the future is no defense."); *United States v. Rossomando*, 144 F.3d 197, 201 (2d Cir. 1998) ("[W]here a defendant deliberately supplies false information to obtain a bank loan, but plans to pay back the loan and therefore believes that no harm will 'ultimately' accrue to the bank, the defendant's good-faith intention to pay back the loan is no defense because he intended to inflict a genuine harm upon the bank."). Thus, Mohammed's alleged good faith and intent to make his customers whole are not valid defenses to the charge of mail fraud. Further, the factual basis provided ample evidence that Mohammed intentionally devised a scheme to defraud and used the postal service in furtherance. *See United States v. Lane*, 474 U.S. 438, 451-52 (1986) (holding that mailings which occur after the receipt of goods obtained by a fraudulent scheme are within the statute if they "were designed to lull the victims into a false sense of security, postpone their ultimate complaint to the authorities, and therefore make the apprehension of the defendants less likely than if no mailings had taken place").

As such, Mohammed's claim fails. Because Mohammed's intent to induce reliance by use of his false representations was sufficient to show intent, Mohammed has failed to show that his counsel rendered ineffective assistance by advising him to plead guilty. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4